# EXHIBIT A

```
 1
 2                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF CONNECTICUT
 3
     - - - - - - - - - - - - - - - - - x
 4
     MARK DANE, Individually and on    :  No. 3:18-cv-00792(SRU)
 5   Behalf of All Others Similarly    :  915 Lafayette Boulevard
     Situated,                         :  Bridgeport, Connecticut
 6              Plaintiff,             :
                                       :  November 13, 2018
 7            v.                       :
                                       :
 8   UNITEDHEALTHCARE INSURANCE        :
     COMPANY, ET AL,                   :
 9              Defendants.            :

10   - - - - - - - - - - - - - - - - - x

11

12
                         MOTION HEARING
13

14   B E F O R E:

15       THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

16

17

18

19

20

21

22

23
                   Sharon L. Masse, RMR, CRR
24                   Official Court Reporter
                     915 Lafayette Boulevard
25              Bridgeport, Connecticut  06604
                       Tel: (860)937-4177
```

```
 1  A P P E A R A N C E S:

 2      FOR THE PLAINTIFF:

 3          ROBBINS GELLER RUDMAN & DOWD LLP
                120 E. Palmetto Park Road
 4              Suite 500
                Boca Raton, Florida  33432
 5          BY: STUART A. DAVIDSON, ESQ.

 6          SEAN K. COLLINS, ATTORNEY AT LAW
                184 High Street
 7              Boston, Massachusetts  02110

 8          HASSETT & GEORGE, PC
                915 Hopmeadow Street
 9              Simsbury, Connecticut  06070
            BY: LOUIS N. GEORGE, ESQ.
10

11      FOR THE DEFENDANTS UNITEDHEALTHCARE INSURANCE COMPANY
        AND UNITEDHEALTH GROUP, INC.:
12
            O'MELVENY & MYERS LLP
13              1625 Eye Street, NW
                Washington, D.C.  20006
14          BY: MEAGHAN VERGOW, ESQ.

15          ROBINSON & COLE
                280 Trumbull Street
16              Hartford, Connecticut  06103-3597
            BY: JEAN TOMASCO, ESQ.
17

18      FOR THE DEFENDANT AARP, INC.:

19          BRYAN CAVE LEIGHTON PAISNER LLP
                One Metropolitan Square
20              211 North Broadway, Suite 3600
                St. Louis, Missouri  63102-2750
21          BY: JEFF RUSSELL, ESQ.

22          PULLMAN & COMLEY
                850 Main Street, P.O. Box 7006
23              Bridgeport, Connecticut  06601-7006
            BY: JAMES T. SHEARIN, ESQ.
24

25
```

1          (Proceedings commenced at 10:03 a.m.)

2          THE COURT:  Good morning.

3          ALL COUNSEL:  Good morning.

4          THE COURT:  We're here in the matter of Dane v.

5  UnitedHealthcare.  Can I have appearances, please.

6          MR. DAVIDSON:  Good morning, Your Honor.  My

7  name is Stuart Davidson from the law firm of Robbins

8  Geller, Boca Raton, Florida, on behalf of the plaintiff.

9          THE COURT:  Thank you.

10         MR. COLLINS:  Good morning, Your Honor.  Sean

11  Collins on behalf of the plaintiff.

12         MR. GEORGE:  Louis George, from the law firm of

13  Hassett & George, on behalf of the plaintiff.

14         THE COURT:  Very good.

15         MS. VERGOW:  Good morning, Your Honor.  Meaghan

16  Vergow of O'Melveny & Myers for the UnitedHealth

17  defendant.

18         THE COURT:  Thank you.

19         MR. RUSSELL:  Good morning, Your Honor.  Jeff

20  Russell from Bryan Cave law firm for the AARP defendants.

21         MS. TOMASCO:  Good morning.  Jean Tomasco,

22  Robinson & Cole, for the United defendants.

23         MR. SHEARIN:  Good morning, Judge.  Tim Shearin

24  from Pullman Comley for the AARP defendants.  Thank you.

25         THE COURT:  Very good.

1  premium.  You will find the detail for that in the Sheak
2  declaration, which contains both the rate filings and the
3  amounts that Mr. Dane paid.  They match precisely.
4              Third, the royalty is paid for services.  It is
5  not a kickback that is simply put in the pocket of AARP.
6  It is paid as a license for the use of our trademark.  So
7  in exchange for that payment, AARP lends its valuable
8  goodwill to UnitedHealthcare, which then is allowed to use
9  that in marketing.  The fact that it is a licensing
10 payment for consideration is detailed in the contract,
11 which is attached to the complaint.  And if you'll refer
12 to page 5 of the motion to dismiss and the reply at
13 page 3, you will find the citations to the very specific
14 sections of the agreement between AARP and United that
15 describe that licensing payment and the consideration for
16 it.
17             Finally, fourth, there is no inducement to
18 insurance.  There is no insurance unless a member makes a
19 decision to buy, and that's made clear in exhibits
20 attached to the complaint.  Exhibit A at page 3 is the
21 certificate of insurance.  It says to the member insured
22 you don't get insurance unless you pay the premium.  The
23 insurance application makes the same point.  That's
24 Exhibit B to the first amended complaint, and at page 1
25 the application says you don't get insurance unless you